IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICKY HENRY SANTIAGO,** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-5415 |
| : | |
| **ALLENTOWN POLICE** : | |
| **DEPARTMENT,** *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                   **MARCH 22, 2022**

*Pro se* Plaintiff Ricky Henry Santiago, a prisoner at SCI Frackville, filed an Amended Complaint asserting claims under 42 U.S.C. § 1983. (ECF No. 8.) The Amended Complaint names as Defendants the Allentown Police Department and six Allentown police officers: Theodore Kiskeravage, Joseph Beiler, Jason Aduddell, Walz, John Doe 1, and John Doe 2.[1] Santiago brings claims against the Defendant police officers in their official and individual capacities. For the following reasons, the Court will dismiss Santiago's Complaint in part pursuant to 28 U.S.C. § 1915A(b)(1). Because some of Santiago's claims will be dismissed without prejudice, he will be granted the option of either filing a second amended complaint to attempt to cure the defects discussed below or proceeding only on the claims that pass statutory screening.

---

[1] Santiago does not yet know Officer Walz's first name.

I. **FACTUAL ALLEGATIONS**

In his Amended Complaint, Santiago describes an encounter he had with Allentown police officers in the early morning hours of December 13, 2019. (Am. Compl. at 6.)[2] He alleges that he was approached by Defendants Theodore Kiskeravage and Joseph Beiner, both Allentown police officers, who told Santiago that he was "sleeping while standing up." (*Id*. at 13.) Santiago admits that he had been under the influence of opioids at the time. (*Id*. at 9.) Officers Kiskeravage and Beiner allegedly arrested Santiago for public intoxication. (*Id*. at 13.) During the arrest, when Santiago "tried to run away," the officers allegedly grabbed him by his jacket collar, threw him to the ground and "proceeded to subdue" him. (*Id*.) Despite "being subdued," and no longer resisting arrest, Santiago was allegedly "placed into a choke hold that didn't allow [him] to breath[e]," and his "arm and wrist were twisted to the point that it [] caused . . . damage to [his] . . . limbs." (*Id*. at 6.) Santiago alleges that Officer Kiskeravage held him in the choke hold while Officer Beiner "placed [his] wrist in an over extended hold." (*Id*. at 13.) Santiago states that Officers Kiskeravage and Beiner also "continued to thrash and assault" him and "scrape [his] head on the concrete" which caused abrasions and contusions. (*Id*.)

Then Defendants Jason Aduddell and Walz, both Allentown police officers, arrived to assist Officers Kiskeravage and Beiner. (*Id*.) When they arrived, Santiago was allegedly "still being held in a choke hold and was still having [his] wrist over extended." (*Id*.) Santiago alleges that Officers Aduddell and Walz heard Santiago scream that he could not breathe and heard Santiago's "multiple shouts" to Officer Beiner that his wrist was breaking. (*Id*.) Santiago

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

further alleges that "Officers Aduddell and Walz heard [Santiago's] pleas . . . and chose to allow the assault to continue." (*Id.*) [3]

Santiago was "immediately" taken to St. Luke's Hospital where he "was treated for head and facial abrasions," nerve damage, and a concussion. (Am. Compl. at 6.) He was later transferred to Lehigh County Jail, where he continued to receive medical treatment. (*Id.*) Plaintiff alleges that as a result of this incident, he still suffers from nerve damage in his arm and wrist. (*Id.*)

During the discovery of his criminal case, Santiago reviewed body camera and street camera footage of the arrest. (*Id.* at 14.) Santiago alleges that the body cam footage shows Defendants John Doe 1 and John Doe 2 "walking back to their cruiser talking about a call that went out on their dispatch about shots fired (at a different location)." (*Id.*) The John Doe Defendants were allegedly on their way to Santiago's location when a call on dispatch reported shots fired at a separate location. (*Id.*) The John Doe Defendants can allegedly be heard on the body cam footage laughing, while one said, "I hope no one was hurt on that call of shots fired while we're over here beating up heroin addicts." (*Id.*)

---

[3] In his original Complaint, Santiago similarly alleged that Allentown police officers used unnecessary force during his arrest on December 13, 2019. (ECF No. 2.) He brought claims against the Allentown Police Department and four Allentown police officers involved in the arrest, three of whom were designated as John Doe Defendants. (*Id.*) Before the Court could screen his Complaint pursuant to 28 U.S.C. § 1915A, Santiago filed a "Petition for Amendment," wherein he sought to "modify the record to show the proper Defendants" in his case and listed nine individuals he wished to add as Defendants to the caption of his Complaint. (ECF No. 5.) Because the Petition for Amendment "created a lack of clarity as to who the Defendants are in this case and what role each Defendant is alleged to have played in the events giving rise to his claims," the Court permitted Santiago the opportunity to file an amended complaint. (*Id.*)

Based on these allegations, Santiago seeks compensatory damages in the amount of $75,000 and an unspecified amount of punitive damages. He also seeks a declaratory judgment.[4]

## II. STANDARD OF REVIEW

Although Santiago has paid the filing fee in full, the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding in forma pauperis). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true,

---

[4] Santiago seeks a "declaratory judgment that the acts complained are illegal [and] unconstitutional." (Compl. at 6.) However, a "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct," and is also not "meant simply to proclaim that one party is liable to another." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (per curiam) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm."). Because Santiago's request for a declaratory judgment only seeks to adjudicate past conduct, his request for a declaratory judgment will be dismissed.

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Santiago is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

To state a claim under § 1983, the vehicle by which federal constitutional claims may be brought in federal court, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Although Santiago states that he brings claims under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments (Am. Compl. at 4), the Court understands him to be asserting claims for excessive force and failure to intervene under the Fourth Amendment.[5] As

---

[5] Claims based on any amendment other than the Fourth Amendment will be dismissed, and the Court will analyze Santiago's claims under the Fourth Amendment going forward. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement

set forth more fully below, Santiago's individual capacity claims against the four named police officers for excessive force and failure to intervene pass statutory screening and will be served for a responsive pleading, his claims against the Allentown Police Department will be dismissed with prejudice, and his claims against the John Doe Defendants and his official capacity claims against the Allentown police officers will be dismissed without prejudice.  Santiago will be permitted to file a second amended complaint to attempt to cure the deficiencies the Court noted.

        A.        **Claims against Allentown Police Department**

Santiago asserts a § 1983 claim against the Allentown Police Department.  A police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See, e.g.*, *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability") (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016); *Sanabria v. St. Lukes Hosp. (Sacred Heart Campus)*, No. 20-4091, 2020 WL 7495665, at *4 (E.D. Pa. Dec. 21, 2020) (dismissing § 1983 claims against

---

officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach").  The Court cannot discern a plausible basis for a claim other than the Fourth Amendment, as discussed further below.

Allentown Police department because it is 'merely an arm of the city of Allentown'"). Accordingly, the Allentown Police Department is not a proper defendant in this case under § 1983 and will be dismissed.

      **B.    Individual Capacity Claims against Officers Kiskeravage, Beiner, Aduddell, and Walz**

The Court understands Santiago to be asserting excessive force claims against Officers Kiskeravage and Beiner and failure to intervene claims against Officers Aduddell and Walz.

The Fourth Amendment protects individuals from the use of excessive force in non-custodial settings, such as in the context of an arrest. *Graham*, 490 U.S. at 394; *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) ("An excessive force claim under § 1983 arising out of law enforcement conduct is based on the Fourth Amendment's protection from unreasonable seizures of the person."). "A claim for excessive force under the Fourth Amendment requires a plaintiff to show that a seizure occurred and that it was unreasonable." *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002). "The reasonableness of the officer's use of force is measured by 'careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Groman*, 47 F.3d at 634 (quoting *Graham*, 490 U.S. at 396). Claims for failing to intervene in an excessive force scenario are also analyzed under the Fourth Amendment. *El v. City of Pittsburgh*, 975 F.3d 327, 335 (3d Cir. 2020). "'A police officer has a duty to take reasonable steps to protect a victim from another officer's use of excessive force', but only 'if there is a realistic and reasonable opportunity to intervene.'" *Id*. (quoting *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002)).

Santiago states plausible excessive force claims against Officers Kiskeravage and Beiner. He also states plausible failure to intervene claims against Officers Aduddell and Walz. These claims will be served for responsive pleadings.

**C.      Individual Capacity Claims against John Doe Police Officers**

Santiago does not state plausible § 1983 claims against Defendants John Doe 1 and John Doe 2. He alleges that body camera footage shows the John Doe police officers joking about Santiago's arrest. One of the officers can allegedly be heard on the body camera footage saying, "I hope no one was hurt on that call of shots fired while we're over here beating up heroin addicts." (Compl. at 17.) The John Doe Defendants were allegedly on their way to Santiago's location when they learned about reported gunshots being fired at a different location. Although it is not entirely clear, the Court presumes that Santiago intends to assert excessive force or failure to intervene claims against the John Doe Defendants.

Santiago's allegations fail to state plausible § 1983 claims under the Fourth Amendment. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode*, 845 F.2d at 1207; *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'") (quoting *Rode*, 845 F.2d at 1207); *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original). It appears that Santiago is naming the John Doe police officers as Defendants based solely on the comment heard on the body camera footage, which although inappropriate, does not establish personal involvement necessary to state a § 1983 claim. The allegations in the Amended Complaint suggest that the John Doe Defendants were on their way

to the scene of Santiago's arrest. However, it is not clear when they arrived and whether they were in any way involved in the use of force or failure to intervene. This is not sufficient to state a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). For this reason, the individual capacity claims against the John Doe Defendants will be dismissed without prejudice.

### D. Official Capacity Claims against Allentown Police Officers

In drafting his Complaint, Santiago checked the boxes on the form he used indicating that he seeks to name the individual Allentown police officers – Officers Kiskeravage, Beiner, Aduddell, Walz, John Doe 1 and John Doe 2 – in their individual and official capacities. However, the official capacity claims against the individual Allentown police officers are not plausible. Official capacity claims asserted against municipal employees such as the Allentown police officers are really claims against the municipality itself, the City of Allentown. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*.

Municipalities and their officials may be liable as "persons" under § 1983, however, this liability extends only to "their own illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell*, 436 U.S. at 665-83. This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60;

9

*Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (emphasis in original).  Because there is no *respondeat superior* for municipal liability under § 1983, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

Because Santiago does not attempt to allege an official capacity claim in the Amended Complaint and because he has not identified a policy or custom of the City of Allentown that allegedly caused him to suffer a constitutional injury, the official capacity claims against Officers Kiskeravage, Beiner, Aduddell, Walz, John Doe 1 and John Doe 2 will be dismissed without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Santiago's claims against the Allentown Police Department with prejudice and dismiss Santiago's claims against the John Doe Defendants without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Santiago's claims against the John Doe Defendants and his official capacity claims against Officers Kiskeravage, Beiner, Aduddel, and Walz, will be dismissed without prejudice.  Santiago's individual capacity claims against Officers Kiskeravage, Beiner, Aduddel, and Walz will proceed past statutory screening and will be served for a responsive pleading.  However, the Court will give Santiago the option of filing a second amended complaint if he is able to cure the defects the Court has

identified in his claims against the John Doe Defendants and his official capacity claims against Officers Kiskeravage, Beiner, Aduddel, and Walz.  In the alternative, Santiago can advise the Court that he opts to proceed only with respect to his individual capacity claims against Officers Kiskeravage, Beiner, Aduddel, and Walz, and the Court will direct service against those Defendants only.

An appropriate Order follows with additional instruction on amendment.[6]

**BY THE COURT:**

/s/ Chad F. Kenney
**CHAD F. KENNEY, J.**

---

[6] Santiago has also filed two Motions to Appoint Counsel.  (ECF Nos. 6, 9.)  Once it is clear how Santiago intends to proceed with his case, the Court will address his request for Counsel.  However, since he has filed two Motions to Appoint Counsel, the Court will deny as unnecessary the Motion at ECF No. 6.  Santiago need not file another request for counsel at this time.