IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICKY HENRY SANTIAGO,** : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-5415 |
| : | |
| **ALLENTOWN POLICE** : | |
| **DEPARTMENT,** *et al.*, : | |
| Defendants. : | |

**ORDER**

AND NOW, this 22nd day of March, 2022, upon consideration of Plaintiff Ricky Henry Santiago's *pro se* Amended Complaint (ECF No. 8), it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to amend the caption to reflect that the following Defendants are named in the Amended Complaint: (a) City of Allentown Police Department; (b) Officer Theodore Kiskeravage; (c) Officer Joseph Beiner; (d) Officer Jason Aduddell; (e) Officer Walz; (f) Officer John Doe 1; and (g) Officer John Doe 2.

2. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) for the reasons stated in the Court's Memorandum as follows:

   a. The claims against the Allentown Police Department are **DISMISSED WITH PREJUDICE**.

   b. All claims against John Doe 1 and John Doe 2 and all official capacity claims against Theodore Kiskeravage, Joseph Beiler, Jason Aduddell, and Walz are **DISMISSED WITHOUT PREJUDICE**.

   c. Santiago's request for a declaratory judgment is **DISMISSED WITH PREJUDICE.**

3. The Clerk of Court is **DIRECTED** to terminate the Allentown Police Department as a Defendant.

4. The Motion to Appoint Counsel (ECF No. 6) is **DENIED** as unnecessary in light of the more recent Motion to Appoint Counsel.

5. Santiago may file a second amended complaint within thirty (30) days of the date of this Order to attempt to cure the defects identified by the Court in the claims dismissed without prejudice. Santiago may not reassert a claim already dismissed with prejudice. Any second amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Santiago's claims against each defendant. **Santiago must include in his second amended complaint the individual capacity claims against Defendants Theodore Kiskeravage, Joseph Beiler, Jason Aduddell, and Walz, that survived statutory screening if Santiago seeks to proceed on those claims**. The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed in this case to state a claim. When drafting his second amended complaint, Santiago should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6. The Clerk of Court is **DIRECTED** to send Santiago a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Santiago may use this form to file his second amended complaint if he chooses to do so.[1]

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

7. If Santiago does not file a second amended complaint within the 30-day period, the Court will direct service of his individual capacity claims against Defendants Theodore Kiskeravage, Joseph Beiler, Jason Aduddell, and Walz.  Santiago may also notify the Court that he seeks to proceed on the claims that pass statutory screening rather than filing a second amended complaint.   If he files a notice expressing this choice, the Court will order the Amended Complaint to be served on Defendants Theodore Kiskeravage, Joseph Beiler, Jason Aduddell, and Walz.  Any such notice should include the case number for this case, 21-5415.

8. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**